# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 98-4009

_____

Cynthia M. Collins,

            Plaintiff - Appellant,

v.

William H. Henderson, Postmaster
General, United States Postal Service,

            Defendant - Appellee.

Appeal from the United States
District Court for the District
of Nebraska.

_____

Submitted: May 12, 1999
Filed: June 28, 1999

_____

Before MORRIS SHEPPARD ARNOLD, FLOYD R. GIBSON, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Cynthia M. Collins was discharged by the United States Postal Service during her probationary period after failing an examination required for her assigned position. She applied for reinstatement which was denied, and she then sued for race and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et

seq. The case was tried to the district court[1] which found in favor of Postmaster General Henderson. Collins appeals, and we affirm.

Collins, a black woman, began working for the Postal Service as a temporary casual employee in September 1994. She was soon converted to a career employee and assigned to work as a distribution window clerk, but she failed the examination required for that position while she was still in her probationary period. She was subsequently terminated on March 3, 1995, and then filed a union grievance alleging that inadequate training caused her to fail the test. The Postal Service rescinded her termination, and she was retrained. She took the distribution window clerk examination again and failed once more. She was finally terminated effective March 24.

On March 31 Collins asked Mike T. Matuzek, the plant manager, to reinstate her to a position of mail handler or mail processor. She had previously requested a transfer to one of those positions. Matuzek refused her request for reinstatement, stating:

> In the interest of fairness and consistent treatment of all employees; the Omaha Plant does not entertain reinstatements or transfers of personnel who have previously been released from the Postal Service due to their inability to meet the requirements of their employment. As a result of this policy, I must deny your request for reinstatement.

Collins contends that this policy was applied unevenly by Matuzek.

Collins filed a charge of race and sex discrimination with the Postal Service in June 1995. A hearing was held before an Equal Opportunity Commission

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

administrative judge, pursuant to 29 C.F.R. § 1614.109.  In connection with this hearing the Postal Service stated:

> Please be advised that the policy referred to throughout the above captioned complaint is not a written policy.  It is more accurately described as Mr. Matuzek's verbal expression to Human Resources of his aversion to reinstate individuals that have failed to qualify for Postal Service employment within his area of responsibility relative to Postal operations.

The administrative judge found that there had been no unlawful employment discrimination based on race or sex.  A final agency decision denying Collins' claim was issued in March 1997.[2]

Collins then filed suit against the Postmaster General[3] in federal district court, claiming that the Postal Service had discriminated against her on the basis of race and sex.  Collins alleged that certain employees had been reinstated after termination and that the failure to reinstate her was discriminatory.  The Postmaster General filed a motion for summary judgment, and Collins filed a cross-motion for partial summary judgment on the question of liability.  The district court denied both motions.  It concluded that Collins had established a prima facie case of race and sex discrimination and that she had raised a genuine issue of material fact as to whether the reason offered for denying her reinstatement was a pretext for intentional discrimination.

---

[2]During 1997 the Postal Service contacted Collins about the possibility of being reinstated as a mail handler or mail processor, but she failed a drug screen which was part of the required process.

[3]Collins' complaint named as defendant Marvin T. Runyon, Postmaster General, United States Postal Service.  William H. Henderson is Runyon's successor as Postmaster General and has been substituted as the defendant.

The case was tried to the court. After examining the exhibits and hearing all the evidence, including the testimony of Collins and Matuzek, the court concluded that the Postmaster General was entitled to judgment. The court stated on the record that neither racial nor sexual discrimination had been shown by a preponderance of the evidence and that Matuzek's reinstatement policy "was a reasonable business practice and was not racially or sexually motivated." The court suggested that things might have worked out better if the human resources department had been more of an advocate for Collins, but it found that there had been no racial or sexual motivation involved in the denial of her reinstatement request. The district court subsequently denied Collins' motion for a new trial, and she filed this appeal.

Collins first argues that the district court erred by not making the findings of fact and conclusions of law required by Fed. R. Civ. P. 52(a). The district court discussed the competing evidence in writing when it denied the summary judgment motions, but it made abbreviated findings after hearing all the evidence. The key issue was whether Matuzek acted on the basis of race or sex when he refused to reinstate Collins, and the court found that he had not. While appellate review would have been simplified if the district court had made more detailed findings after the trial, its ultimate findings are sufficient to meet the requirements of Rule 52(a). See Allied Van Lines, Inc. v. Small Business Administration, 667 F.2d 751, 753 (8th Cir. 1982) ("It is well established that the trial court does not need to make specific findings on all facts but only must formulate findings on the ultimate facts necessary to reach a decision. Findings are adequate if they afford a reviewing court a clear understanding of the basis of the trial court's decision." (citations omitted) (quotation omitted)).

Collins also argues that the alleged policy against reinstating employees cannot be a defense to her prima facie case because the Postal Service itself says there was no such policy. The refusal to reinstate Collins need not be based upon a formal written policy, however. A clear explanation of a legitimate nondiscriminatory reason is sufficient to rebut the presumption raised by Collins' prima facie case. See Texas

-4-

Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254–55 (1981) ("defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection . . . [i]f the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted"). Matuzek's statement to Collins explaining his refusal to reinstate her — whether best characterized as a policy or practice or merely his personal preference — provided a clear explanation of his reason for doing so, and thus shifted the burden back to Collins to show that this explanation was merely a pretext for discrimination. See id. at 253.

Collins finally argues that Matuzek's explanation for his refusal to reinstate her was merely a pretext for discrimination. She relies on the evidence that three other individuals had been reinstated at the Omaha Plant after not meeting their job requirements. Larry J. Adam had been reinstated in February 1994 after having been terminated for failing keyboard training. Connie Batts, a black male, had been reinstated in August 1994 after having been terminated for twice failing the distribution window clerk examination. Russell Ethridge had been reinstated in April 1995 after his termination for twice failing the distribution window clerk examination. Collins' counsel conceded at oral argument that the claim for race discrimination was problematic since Batts is African American, but she argues that sex discrimination is shown by the fact that all three reinstated workers were men. Postmaster Henderson contends that Collins is not similarly situated to the three workers and adduced evidence at trial that Ethridge was rehired from a Hiring Worksheet, rather than being reinstated to his position, and that Matuzek had not been responsible for rehiring or reinstating any of the three men. Collins maintains, however, that Matuzek signed one of the letters of reinstatement.

After weighing all of the evidence presented, the district court concluded that discrimination had not been established by a preponderance of the evidence. The district court's careful attention to the record was shown by its opinion denying Henderson's motion for summary judgment. It indicated at that time that Collins had

established a prima facie case and that there was a genuine issue as to whether Matuzek's stated reason was pretextual.  It was for the fact finder to determine if there had been an intent to discriminate.  See Ryther v. KARE 11, 108 F.3d 832, 836 (8th Cir. 1997) (en banc) ("the trier of fact proceeds to decide the ultimate question: whether plaintiff has proven that the defendant intentionally discriminated" (quotation omitted)).  The court gave Collins every opportunity to establish that intent, and only after hearing the testimony at trial did it make its credibility determinations and find in favor of the Postmaster General.  After our review of the record, we cannot say that the findings and conclusions of the district court were clearly erroneous.  See Fed. R. Civ. P. 52(a).

We therefore affirm the judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.